UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 2 1 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 07-263 (RCL)
JOHN TURNER, )
)
Defendant. )

## MEMORANDUM AND ORDER

Before the Court is defendant John Turner's Motion to Reduce Sentence [10] under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines. Upon consideration of the motion, the government's opposition thereto [12], the defendant's reply [13], the applicable law, and the entire record herein, the motion will be denied.

### I. BACKGROUND

The defendant and Lorenzo Sanders were originally indicted in 2002 for drug trafficking-related charges after a search of an apartment where the defendant was sleeping revealed cocaine base (crack), heroin, a pistol and ammunition, and other paraphernalia.[1] The Drug Enforcement Agency verified that the substances seized included 22.2 grams of crack. Trial began in December 2002, and the jury convicted the defendant and Mr. Sanders on one count of possession with intent to distribute a detectable amount of heroin. The jury deadlocked on the other counts, for which the district court declared a mistrial. Following trial, a poll of the jury revealed that its verdict on the heroin count was not in fact unanimous, and the district court granted a motion for a new trial.

---

[1] The defendant's original case was filed under Criminal No. 02-55.

The second trial began on September 2003 and resulted in convictions for both the defendant and Mr. Sanders for possession with intent to distribute cocaine base and heroin, and possession of a firearm by a felon. The defendant was sentenced on three counts, to a total concurrent term of imprisonment of 240 months. During the defendant's and Mr. Sanders's appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the mandatory nature of the United States Sentencing Guidelines violated defendants' Sixth Amendment rights. Based on that opinion, the D.C. Circuit in a per curiam opinion vacated the defendant's and Mr. Sanders's sentences and remanded for resentencing. The district court then sentenced the defendant to a total concurrent term of imprisonment of 200 months. Thereafter, the defendant and Mr. Sanders appealed on the basis of a violation of the Speedy Trial Act, 18 U.S.C. § 3161. The D.C. Circuit reversed their convictions and remanded to the district court with instructions to dismiss the indictment. *United States v. Sanders*, 475 F.3d 654, 660 (D.C. Cir. 2007). The government requested that the court dismiss the indictment, which the court did on October 5, 2007.[2]

On that same day, the government filed an information [1] as to the defendant in the instant case charging him with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). And on that same day, the defendant pled guilty to the charge. In the Rule 11(c)(1)(C) plea agreement [4], the government noted that the offense carried a mandatory minimum sentence to a term of imprisonment of five years, and a maximum sentence of 40 years. The agreement further stipulated that "[y]our client and the Government agree that a sentence of one hundred and forty-four months . . . is the appropriate sentence for the offense to which your client is pleading guilty." The plea agreement

---

[2] Although the order was signed on that date, it was not filed until October 19, 2007.

does not explain how the government and the defendant arrived at this specific sentence. The district court sentenced the defendant to a term of imprisonment of 144 months on October 29, 2007.

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guideline ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. The defendant accordingly filed the instant motion to reduce his sentence pursuant to the amendment and to 18 U.S.C. § 3582(c)(2) on October 3, 2011. He requests that the Court adjust his sentence from 144 months – which was within the guideline range for the offense, absent application of the career offender provisions, of 135 to 168 months – to between 92 and 115 months, within the newly applicable guideline range.

## II. DISCUSSION

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The statute only permits a court to reduce a sentence that is "based on a sentencing range." Since the defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, an issue arises as to whether the defendant's sentence was indeed "based on" the guidelines, or rather based

solely on the agreement itself. The government and the defendant agree that this issue should be resolved by the Supreme Court's recent decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011). However, the parties disagree as to the proper interpretation of that case.

In *Freeman*, the petitioner had been indicted in 2005 for possession with intent to distribute crack, as well as for other crimes. The petitioner entered into a Rule 11(c)(1)(C) agreement whereby he pleaded guilty to all charges in exchange for the government's agreement to a sentence of a term of imprisonment of 106 months. *Freeman*, 131 S. Ct. at 2691. The figure apparently was based on a guideline range of 46 to 57 months, to run consecutive to a mandatory minimum 60-month term of imprisonment for possessing a firearm in furtherance of a drug-trafficking offense; 106 months represented the bottom of the guideline range. The agreement stated that the "parties have independently reviewed the Sentencing Guidelines applicable in this case," and that the petitioner "agrees to have his sentence determined pursuant to the Sentencing Guidelines." *Id.* The district court accepted the plea agreement and imposed a sentence of a term of imprisonment of 106 months. Following the Sentencing Guidelines' revision in 2010 retroactively adjusting the penalties for crack offenses, the petitioner moved for a sentence reduction under § 3582(c). The district court denied the motion, and the Court of Appeals for the Sixth Circuit affirmed. The Sixth Circuit reasoned that § 3582(c) does not permit a court to lower the sentence of a defendant who had been sentenced on the basis of a Rule 11(c)(1)(C) plea agreement, absent a miscarriage of justice or mutual mistake. *Id.*

Justice Kennedy announced the judgment of the Court and authored a plurality opinion in which Justices Ginsburg, Breyer, and Kagan joined. Justice Kennedy began his analysis by noting that although Rule 11(c)(1)(C) allows for the government and the defendant to stipulate to a specific sentence, the district court is not bound by that agreement. Rather, the district court

must assure himself that the sentence is appropriate under § 3553(a). In doing so, the court will invariable rely on the applicable guideline range to determine the appropriateness of the plea agreement, and thus will "base" the sentence imposed in part on that range. Justice Kennedy further noted that, in the petitioner's case, the district court at sentencing explained that the sentence imposed fell "within the guideline range." *Id.* at 2693 (internal modifications omitted). Accordingly, Justice Kennedy concluded that sentences imposed pursuant to Rule 11(c)(1)(C) plea agreements are nonetheless "based on" the guidelines, and thus that defendants who entered into such plea agreements may seek sentence reductions under § 3582(c).

Justice Sotomayor wrote an opinion concurring in the judgment. Justice Sotomayor agreed that the defendant was eligible for a § 3582(c) agreement, but rejected the proposition that sentences imposed pursuant to Rule 11(c)(1)(C) plea agreements are categorically "based on" the guidelines. The procedure for (C) agreements is unique: initially, either the district court adopts the agreed-to sentence and imposes *only that* sentence, or the district court rejects the agreed-to sentence. *Id.* at 2695 (Sotomayor, J., concurring). If the district court rejects the agreement, the defendant may withdraw his plea. Accordingly, the district court has no discretion to impose a sentence through independent reference to the guidelines range; the district court can either accept the specified sentence or give the defendant another chance to consider his plea. Because in a (C) agreement "it is the parties' agreement that determines the sentence to be imposed," *id.* at 2696 (Sotomayor, J., concurring), a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is normally "based" on the agreement, not the guidelines – even if the parties reference the guidelines in their negotiations. *Id.* at 2697 (Sotomayor, J., concurring).

However, Justice Sotomayor did not conclude that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is *never* "based on the guidelines." Justice Sotomayor wrote:

> Rule 11(c)(1)(C) allows the parties to "agree that a specific . . . sentencing range is the appropriate disposition of the case." In delineating the agreed-upon term of imprisonment, some (C) agreements may call for the defendant to be sentenced within a particular Guidelines sentencing range. In such cases, the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment is "based on" the agreed-upon sentencing range within the meaning of § 3582(c). . . .
>
> Similarly, a plea agreement might provide for a specific term of imprisonment – such as a number of months – but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evidence from the agreement itself, for the purposes of § 3582(c) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range.

*Id.* at 2697-98 (Sotomayor, J., concurring). In those two instances – where an agreement requires a sentence within the range, or explicitly references the guidelines as the basis for the agreed-upon sentence – the sentence that the district court ultimately imposes is indeed "based on" the guidelines, leaving the defendant eligible for § 3582(c) relief. Because the petitioner's plea agreement stated that the petitioner "agrees to have his sentence determined pursuant to the Sentencing Guidelines" and explicitly referenced the applicable ranges, Justice Sotomayor agreed that the petitioner's sentence was "based on" the guidelines. *Id.* at 2699 (Sotomayor, J., concurring). Accordingly, Justice Sotomayor concurred with the judgment.

The defendant in this case does not argue that his plea agreement made references to the guidelines sufficient to render his sentence "based on" the guidelines under Justice Sotomayor's approach. Nor very well could he – his plea agreement makes no mention to the guidelines, except that in the event that the district court did not impose the agreed-upon sentence and the defendant maintained his guilty plea, the court would sentence him pursuant to those guidelines. As to the agreed-upon sentence, the agreement only states, "Your client and the Government

agree that a sentence of one-hundred and forty-four months . . . is the appropriate sentence for the offense to which your client is pleading guilty." Instead, the defendant urges this Court to follow the reasoning of the plurality opinion in *Freeman*.

The precedential effect of a Supreme Court case where no one opinion commands a majority of the Court is governed by *Marks v. United States*, 430 U.S. 188 (1977), which states: "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks*, 430 U.S. at 193 (quotations omitted). This principle is "more easily stated than applied." *Nichols v. United States*, 511 U.S. 738, 745 (1994). As the D.C. Circuit has stated, "*Marks* is workable – one opinion can be meaningfully regarded as 'narrower' than another – only when one opinion is a logical subset of other, broader opinions. In essence, the narrowest opinion must represent a common denominator of the Court's reasoning; it must embody a position implicitly approved by at least five Justices who support the judgment." *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991).

The defendant argues that Justice Sotomayor's concurrence cannot be controlling precedent because it does not represent a common denominator of five Justices' reasoning. The plurality opinion focuses its analysis on the action of the district court judge in accepting or rejecting the plea agreement; it is that decision, guided by the applicable sentencing ranges, that brings Rule 11(c)(1)(C) plea agreements within the purview of § 3582(c). Justice Sotomayor's concurrence, on the other hand, focuses its analysis on the action of the government and the parties in reaching a plea agreement; only when the parties explicitly referenced the guidelines in the agreement does § 3582(c) apply. According to the defendant, these rationales are

incommensurable. The four Justices in the plurality and Justice Sotomayor thus could not reach an agreement on the basis for the Court's judgment in *Freeman*, and Justice Sotomayor's concurrence is not binding on lower courts.

The Court disagrees. Although the Justices' opinions identify as dispositive different decision makers in the sentencing process, there is indeed a "narrowest" identifiable position between those opinions. All five Justices would agree that, when a Rule 11(c)(1)(C) plea agreement makes explicit reference to the guideline range in the ways Justice Sotomayor discusses, that defendant is eligible for relief under § 3582(c). The four Justices in the plurality would not agree that that reference should be outcome-determinative. Nevertheless, those four Justices would indeed agree that such plea agreements fall within § 3582(c), since those four Justices argue that *all* Rule 11(c)(1)(C) plea agreements fall within § 3582(c). Accordingly, Justice Sotomayor's opinion is a "logical subset" of the plurality's broader statement, *Nichols*, 511 U.S. at 745, and her opinion provides the Court's holding in *Freeman*. The Court notes that the only other court to have addressed this question in a published opinion of which it is aware has reached the same result. *United States v. Brown*, 653 F.3d 337, 340 n.1 (4th Cir. 2011).

### III. CONCLUSION

Under *Freeman*, the defendant can only seek a sentence reduction if his plea agreement explicitly refers to, or contemplates sentencing under, the guidelines. The plea agreement in this case does not. It is therefore hereby

**ORDERED** that defendant's motion is **DENIED** .

**SO ORDERED** this 18th day of November 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court